**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **GEORGE PERVIN,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:20cv00135** |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**under Rule 26(f) of the**
**Federal Rules of Civil Procedure**

**1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

A conference of the Parties was held via telephone on August 7, 2020. The following counsel attended the conference:

**For the Plaintiff:**
J. Price McNamara
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
Email: price@jpricemcnamara.com

**For Defendant:**
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

None.

3. **<u>Briefly</u> describe what this case is about.**

Plaintiff seeks recovery of disability benefits and attorneys' fees under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 from Defendant. Defendant denies that Plaintiff is entitled to any relief.

4. **Specify the allegation of federal jurisdiction.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time.

7. **List anticipated interventions.**

None at this time.

8. **Describe class-action issues.**

None at this time.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

As this is an action for review on an administrative record, this action is exempted from this requirement pursuant to F.R.C.P. 26(a)(1)(B)(i). Defendant shall serve a complete copy of the bates-labeled administrative record on Plaintiff by September 10, 2020.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f);**

    As this is an action for review on an administrative record, this action is exempted from this requirement pursuant to F.R.C.P. 26(a)(1)(B)(i). Defendant has agreed to serve a complete copy of the bates-labeled administrative record on Plaintiff by September 10, 2020, and the Parties do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure. The parties will discuss a resolution of this case and will agree to a mediation if informal discussions do not result in a settlement.

**b. the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**

Plaintiff will designate experts on or before December 8, 2020.

**c. the date experts for defendant will be designated and their reports provided to opposing party;**

Defendant will designate experts on or before December 22, 2020.

**d. the date discovery can reasonably be completed:**

The parties anticipate that discovery can be reasonably completed on or before February 8, 2021.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree on the discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

The parties have discussed settlement offers and negotiations are ongoing.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

See response to paragraph 13.

**15. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful.

**16. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Magistrate Judge Edison.**

All parties do not consent to a trial before Magistrate Judge Edison.

**17. State whether a jury demand has been made and if it was made on time.**

No jury demand was made.

**18. Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

The parties anticipate that it will take 1-2 days to present the evidence in this case.

**19. List pending motions that can be ruled on at the initial pretrial conference.**

None.

**20. List other motions pending.**

None.

**21. Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

None at this time.

**22. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed the Disclosure on May 13, 2020.
Defendant filed the Disclosure on or about July 13, 2020.

Dated: August 7, 2020

Respectfully submitted,

By: /s/ J. Price McNamara (w/permission)

J. PRICE McNAMARA
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
Email: price@jpricemcnamara.com

ATTORNEYS FOR PLAINTIFF

\- AND -

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT