Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

J. PRICE MCNAMARA
LAW OFFICE OF J. PRICE MCNAMARA
10455 JEFFERSON HIGHWAY
SUITE 2B
BATON ROUGE LA 70809

EXHIBIT

2

Lincoln Financial Group®

Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 422-7909

March 31, 2020

J. Price McNamara
Law Office of J. Price McNamara
10455 JEFFERSON HIGHWAY
SUITE 2B
BATON ROUGE, LA 70809

RE: Long Term Disability (LTD) Benefits
H-E-B, LP
Claim #: 8397829
Claimant: George Pervin

Dear J. Price McNamara:

We reviewed Mr. Pervin's appeal request for Long Term Disability ("LTD") benefits and maintained the decision to deny benefits beyond October 28, 2019.

**<u>Initial Claim Decision</u>**

Mr. Pervin submitted a claim for his absence from work as of May 02, 2018, as a result of severe back pain. Mr. Pervin's LTD benefits began on October 29, 2018, therefore the change in definition of disability occurred on October 29, 2019 and to receive benefits beyond 12 months you must be disabled from any occupation as defined in the Policy. Benefits beyond October 28, 2019 were denied as the evaluation concluded Mr. Pervin was no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter sent to Mr. Pervin dated August 30, 2019. Mr. Pervin was provided an opportunity to request an appeal review of the denial, stating the reasons why he felt that his claim should not have been denied, and submit additional information to support his claim. Specifically, he was advised to submit the following information: *"Any additional medical information from all medical provider(s) you have seen for your condition(s) for the period of June 2019 through present to include, but is not limited to office notes, current treatment plans, clinical notes, consultation reports, diagnostic tests and results and physical evaluations); as well as any additional information which you feel will support your claim."*

**<u>Appeal</u>**

We received Mr. Pervin's request for reconsideration dated October 01, 2019. In support of his claim, Mr. Pervin submitted the following information:

- ***Letter dated October 04, 2019 from Dr. Ryan Jennings with Memorial Hermann Medical***

***Group***

On November 05, 2019, Mr. Pervin advised he intended to submit additional medical documentation for his appeal review. A letter sent to Mr. Pervin on November 06, 2019 requested that he submit any additional information he wished to have considered in our appeal review no later than April 24, 2020.

The following additional information was submitted for Mr. Pervin's appeal:

- ***Copies of medical records dated April 02, 2019 through September 12, 2019 from Dr. J. Lance LaFleur***
- ***Letter dated November 11, 2019 from Dr. J. Lance LaFleur***

On November 19, 2019, Mr. Pervin confirmed that he had submitted all of the information he wished to have considered in the appeal review of his claim.

This appeal review and analysis considered all the medical and claim documentation contained in Mr. Pervin's Long Term Disability administrative record, whether or not specifically referenced in this document.

**Appeal Evaluation**

During the claim evaluation of ongoing benefits, Mr. Pervin's claim was reviewed by Dr. Paul Stander, an independent physician who is board certified in Internal Medicine. Based on his review of the medical records, Dr. Stander indicated the records document that Mr. Pervin's primary impairing diagnoses are Lumbar spinal stenosis, Chronic Back Pain, Chronic Pain Syndrome, Long Term Use of Opioid Pain Medication and (super) Morbid Obesity. The records also document that Mr. Pervin has multiple comorbid conditions including Chronic Venous Insufficiency, Hypertension, Obstructive Sleep Apnea, and Benign Prostatic Hyperplasia. Dr. Stander opined that based on the documentation in the records of his refractory chronic pain, morbid obesity and venous insufficiency, Mr. Pervin is impaired in his ability to reliably perform his usual life activities from May 01, 2019 and indefinitely going forward. He has no restrictions or limitations on sitting or use of his arms, hands and fingers for reaching, gripping, grasping or use of common office equipment. He can only stand or walk continuously for up to 15 minutes at a time and two hours in a typical eight-hour day. He can bend or twist occasionally and can lift items up to ten pounds frequently and twenty pounds occasionally. He cannot stoop, squat, crouch, crawl, kneel or climb ladders. He appears to have sustained capacity for full time work within these restrictions and limitations.

On August 06, 2019, a copy of Dr. Stander's assessment was sent to Mr. Pervin's treating providers, Dr. Peter Hinh and Dr. J. Lance LaFleur for their review and comment. A response was not received from Dr. Hinh. However, on August 28, 2019, a response was received from Dr. LaFleur, documenting his agreement with Dr. Stander's findings.

Mr. Pervin's claim was then reviewed by a Vocational Rehabilitation Counselor, for a transferrable skills analysis based on his prior work history, educational background, and/or life experience and capacity within the restrictions and limitations outlined by Dr. Stander. The analysis showed he has the following transferrable skills based on his work, education, training and/or life experience:

***Manual/Technical:*** *completing precise work, utilizing attention to detail skills, using hand-eye coordination, experience working with power equipment, tools, and machinery, following safety protocols and procedures, developing and training staff members*

***Organizational:*** *demonstrating efficiency and ability to get a job done, utilizing time management skills, completing paperwork and documentation, following directions both verbal and written*

***Management/Supervisory:*** *teaching, training, coaching, and mentoring, others, assigning and delegating work duties, using knowledge of hiring/firing procedures, overseeing the work of others, inspiring, leading, and motivating subordinates, assisting others with task completion, setting standards and measuring production, working well under stress, executing and carrying out company directives*

***Communication/Interpersonal:*** *speaking effectively, listening attentively, informing and consulting with both staff and customers*

***Customer Service****: working well with diverse populations, answering questions, clarifying information, conveying a positive self-image*

***Sales****: persuading and negotiating with others, utilizing knowledge of product, displaying merchandising skills, review and inspect products*

Through his work, education, training and/or life skills, the Vocational Rehabilitation Counselor concluded Mr. Pervin demonstrated that he was qualified to perform the following occupations based on his capacity and skill level:

| ***Occupation*** | ***National Median Monthly Wage**** |
|---|---|
| *Order Clerk, Food and Beverage* | *$2789* |
| *Information Clerk* | *$2428* |
| *Customer Service Representative* | *$2813* |
| *Telephone Sales Representative* | *$2104* |

**Wage Information is based on median 2018 Bureau of Labor Statistical Data*

Following these reviews, the disability case manager determined Mr. Pervin was no longer Disabled as defined by the Policy and that no further benefits were payable beyond October 28, 2019.

During the review of Mr. Pervin's appeal, his claim was reviewed by Dr. Priya Swamy, an independent physician who is board certified in Physical Medicine & Rehabilitation and Pain Medicine.

Dr. Swamy attempted to contact Mr. Pervin's treating providers, Dr. LaFleur and Dr. Jennings to discuss his case. Telephone contact with Dr. Jennings was not successful, however, Dr. Swamy was able to speak with Dr. LaFleur. Below is a summary of the telephone contact with Dr. LaFleur as documented by Dr. Swamy,

*The office was called on 11/26/19 and spoke with the office staff, who transferred my call to the treating provider. Dr. LaFleur stated that the claimant has a complex situation. He has severe central canal stenosis. He weighs 440 pounds, and for this reason a surgeon is not willing to operate. He can't sit or stand in one place at anytime. He had an FCE done, he has had epidurals, and failed SCS trial facet injection. Dr. LaFleur stated that no changes are expected in the claimant's condition unless he loses weight.*

Based on her review of the medical records, Dr. Swamy concluded Mr. Pervin has significant limitations, but he would be recommended to continue working with appropriate restrictions and limitations. She noted his current exam showed only mild tenderness, pain with no documented neurological deficits. Dr. Swamy opined the following restrictions are supported in an 8-hour workday: *He can lift up to 50 pounds occasionally, 25 pounds frequently. There are no restrictions on sitting, standing or walking. He can reach, touch, feel grip, keyboard with no restrictions.*

Further Dr. Swamy stated,

*According to the medical records review, the claimant presented with chronic refractory pain, morbid obesity with mild level of deconditioning, and venous insufficiency. Imaging showed degenerative changes with spinal canal stenosis. It was noted that the claimant was recommended a surgical treatment, but because of his weight, surgery is not performed at this time. His spinal stenosis is at one level, L4-L5 but actual size of canal is not noted on MRI. His pain is likely predominantly myofascial in nature given absolutely no improvement noted with transforaminal epidurals, spinal cord stimulator and facet joint injections.*

*The claimant had an FCE in April 2018 stating he could performed at medium-to-heavy work. This was about 7 months post his injury. However, the 04/01/19 FCE suggested that "Mr. Pervin' test shows that he is able to lift up to 15 lbs. Mr. Pervin may have restriction with bending and squatting. He may also have restrictions with prolonged standing 1md sitting. He is not qualified to return to gainful employment at this time because of the restrictions as mentioned above." He had some posture issues with higher lifting levels. He had slight pain with palpation. He appears to have be very deconditioned over the course of a year. FCE showed significant heart rate elevations during activity. Exam showed only mild midline tenderness.*

*Information from the provider was noted. Based on the clinical data as above, the claimant has significant limitations, but he would be recommended to continue working with appropriate restrictions and limitations. His current exam showed only mild tenderness, pain with no documented neurological deficits.*

During the review of Mr. Pervin's appeal, his claim was also reviewed by Dr. David Carl Houghton, an independent physician who is board certified in Internal Medicine. Based on his review of Mr. Pervin's file, Dr. Houghton concluded the available evidence supports impairment due to severe obesity and opioid dependence. Dr. Houghton indicated both of these conditions increase the risk of injurious mishaps in certain activities. Dr. Houghton opined the following activity restrictions are supported by the available records, in order to prevent serious injury: *No ladders. No operation of hazardous equipment. No stooping or kneeling or squatting. No lifting more than 10 pounds above*

*waist level. No lifting more than 20 pounds at waist level.* The following functional limitations are also supported, to maintain productivity despite the impairing diagnoses: *No standing or walking more than occasionally. No sitting longer than 1 hour without opportunity to stand.* These restrictions and limitations are supported until Mr. Pervin achieves massive weight loss and/or stops taking high-dose narcotic pain medications.

Dr. Houghton concluded there is no evidence of inability to engage in sustained, full-time productive activity within the restrictions and limitations. The functional capacity evaluation said Mr. Pervin could not engage in gainful employment because of the need for frequent position changes and the need to avoid prolonged standing/walking as well as repetitive bending and squatting. However, there are many examples of gainful employment that do not require these activities and that also allow for frequent position changes.

Mr. Pervin's claim was then referred for an additional review by a Vocational Case Manager, for a transferrable skills analysis addendum based on Mr. Pervin's prior work history, educational background, and/or life experience and capacity within the restrictions and limitations outlined by Dr. Swamy and Dr. Hougton. The analysis showed that based on these updated capacities, the previously identified occupations of Food and Beverage Order Clerk, Information Clerk, and Customer Service Representative remain viable alternative occupations. In the current employment environment, and as a result of technological advancement, employers are providing a variety of workstation types and associated equipment that allow individuals opportunity to experience and sustain comfort in their respective work settings within the occupation(s).

On January 08, 2020, we sent Mr. Pervin a letter which included a copy of the clinical reviews and vocational review performed in connection with his request for appeal. He was given an opportunity to review and respond with any additional information that he would like considered before a final determination was made on the appeal. A deadline for response was given of January 28, 2020.

On January 24, 2020, we received a letter of appeal and request for information from your office. On January 28, 2020, we wrote to you requesting a signed notice of representation and authorization to release claim information to your office from Mr. Pervin. We also requested that any additional documentation you wished to be considered with Mr. Pervin's appeal be sent in by February 25, 2020.

Upon receipt of the signed authorization from Mr. Pervin dated January 30, 2020, a complete copy of Mr. Pervin's Long Term Disability claim file, a copy of the H-E-B, LP Long Term Disability Policy, and the CVs of all doctors that reviewed Mr. Pervin's file were sent to you on February 04, 2020 as requested.

The following additional information was submitted by our office in consideration of Mr. Pervin's Long Term Disability appeal:

- ***Affidavits from Mr. Pervin and his wife, Deborah Pervin***
- ***Customer Statement Report from Kroger covering the period of December 24, 2019 to January 30, 2020***
- ***Physician's Recommended Restrictions completed by Jay Lance LaFleur, MD dated February 27, 2020***
- ***Note dated February 28, 2020 from Jay Lance LaFleur, MD***

Upon receipt of the additional documentation received from your office, Mr. Pervin's file was referred for addendum reviews by independent Physical Medicine & Rehabilitation and Pain Medicine physician, Dr. Priya Swamy and independent Internal Medicine physician, Dr. David Carl Houghton.

Dr. Swamy concluded the additional information did not alter her prior assessment as there is no new clinical information, including significant exam, radiographic or anatomic findings to support the complete inability to work. Dr. Swamy noted Mr. Pervin has predominantly fibromyalgia like symptoms, which do not respond to injections or opiate medications. While Mr. Pervin has significant limitations, he would be recommended to continue working with appropriate restrictions as discussed in the previous assessment. His reported deconditioning since his FCE in 2018 where he was doing medium duty work is not due to his injuries or his spinal condition. He is morbidly obese (BMI 67.17 - E66.01). The claimant has significant limitations due to fibromyalgia like symptoms with chronic refractory pain with deconditioning and weight gain. However, his examinations showed no neurological deficits and no significant medications side effects. Dr. Swamy noted Mr. Pervin has gained more weight since not working and appears to have become more deconditioned. He would be recommended to continue working full time with appropriate restrictions to prevent additional gain weight and deconditioning.

Dr. Houghton also concluded the additional information did not alter his previous assessment. Further Dr. Houghton stated,

> *The additional documentation consists only of a statement from the claimant about his symptoms, a statement from his pain management physician stating that the claimant's statement is credible, and an activity restriction form completed by the same physician. No new medical evidence has been submitted.*
>
> *As detailed in my initial review, the statements from the pain management physician Dr LaFleur are contradicted by objective medical facts. His statement dated 2/27/20 that says the claimant must lie down at least 18 hours per day is irresponsible and contrary to all published recommendations for treatment of chronic back pain with associated degenerative changes of the spine. This statement also contradicts Dr LaFleur's own clinical documentation, which states repeatedly that his prescription of opioids for the claimant has resulted in improved quality of life. The claimant's physicians did not endorse lying down more than 18 hours per day prior to Dr LaFleur prescribing opioids to the claimant. Therefore if this statement were accurate, it would represent a marked deterioration in the claimant's quality of life. Dr LaFleur's statement that the claimant is incapable of lifting or carrying more than 10 pounds is not supported by any objective evidence in the available records, and is inconsistent with published guidelines for treatment of chronic back pain. Dr LaFleur's statement says the claimant's subjective complaints are consistent with exam findings and radiographic abnormalities. On the contrary, Dr LaFleur's clinical documentation repeatedly fails to include any musculoskeletal or neurologic examination, and large published medical studies show that a large proportion of the general population has degenerative changes of the spine on imaging that do not correlate with symptoms. The records show that in August 2019 Dr LaFleur agreed with Dr Paul Stander's peer review that supported full-time work. The records do not show any substantial change in the claimant's condition since that time,*

*and so Dr LaFleur's statement 6 months later that the claimant is incapable of even sedentary activity is unsupportable. His statement about the need to avoid driving while using opioids is correct, and consistent with the restriction recommended in the original review: avoidance of manual operation of hazardous equipment.*

The additional information received with Mr. Pervin's appeal has been considered. However, the additional information received on appeal does not provide any significant exam findings, or information regarding his diagnoses, treatment frequency, treatment plan or functional status to change the prior assessment.

**Conclusion**

We conducted a thorough and independent review of Mr. Pervin's entire claim. In summary, we acknowledge that he may have continued to experience some symptoms associated with his condition beyond October 28, 2019. However, the information does not contain exam findings, diagnostic test results or other forms of medical documentation supporting his symptoms and impairments remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering him unable to perform the duties of the occupations identified as being with in his functional capacity and vocational skills after that date.

Having carefully considered all of the information submitted in support of Mr. Pervin's claim, our position remains that proof of his continued disability in accordance with the Policy provisions after October 28, 2019 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

In order to continue receiving benefits, you must satisfy the requirements of all Policy provisions that state, in part:

*"**Disability**" or "**Disabled**" means:*

1. *For persons other than pilots, co-pilots, and crewmembers of an aircraft:*

*Applicable to Class 1, 3, 4:*

*a. i. if the Covered Person is eligible for the 12 Month Own Occupation benefit, "**Disability**" or "**Disabled**" means that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

*ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

*"**Own Occupation**" means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the*

*national economy.*

***"Material and Substantial Duties"*** *means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

***"Any Occupation"*** *means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.*

***Discontinuation of the Long Term Disability Benefit***

*The Monthly Benefit will cease on the earliest of:*
…

*9. the date the Covered Person is no longer Disabled according to this policy;*
…

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Lincoln Financial Group, and to submit any additional information you wished to be considered as part of the appeal. Lincoln Financial Group has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The H.E. Butt Grocery Company Group Disability Income Policy contains the below provision:

***Legal Proceedings***

*A claimant or the claimant's authorized representative cannot start any legal action:*

*1. until 60 days after Proof of claim has been given; or*
*2. more than three years after the time Proof of claim is required.*

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law. Your employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is April 29, 2023.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group of Boston rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in the H.E. Butt Grocery Company LTD Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bąąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Tawnya Valliere
Appeals Consultant
Phone No.: (888) 437-7611 Ext. 15894
Secure Fax No.: (603) 422-7909